FILED
09-20-2021
Circuit Court
St. Croix County, WI
2021CV000330
Honorable Edward Vlack
Branch 2

| STATE OF WISCONSIN | CIRCUIT COURT | ST. CROIX COUNTY |
|---|---|---|
| | TENTH JUDICIAL DISTRICT | |

---

KELLY MANOR
c/o Lowe Law Group
6028 S. Ridgeline Drive
Suite 200
Ogden, UT 84405

        Plaintiff,

                                    **SUMMONS**
                                    Personal Injury
v.                                      File No.

PUTNAM TRUCKING INC.
c/o Jeanine R. Putnam
11970 N 900th St.
Effingham, IL 62401

        Defendant.

---

EXHIBIT A

TO: THE STATE OF WISCONSIN and EACH DEFENDANT NAMED ABOVE:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the Statutes. The Answer must be sent or delivered to the Court, whose address is Clerk of Court, Portage County Courthouse, City/County Building, 1101 Carmichael Road, Suite 2402, Hudson, Wisconsin 54016 and to James R. Jackson, Plaintiff's Attorney, whose address is Lowe Law Group, 6028 S. Ridgeline Drive, Suite 200, Ogden, Utah, 84405. You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may use your right to object to anything that is or may be incorrect in the Complaint.

A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated: September 20, 2021

LOWE LAW GROUP

By: *Electronically signed by /s/* James Jackson
James Jackson, #1120639
6028 S. Ridgeline Drive, Suite 200
Ogden, Utah 84405
P: (801) 905-1324
james@lowelawgroup.com
ATTORNEYS FOR PLAINTIFF
KELLY MANOR

2

FILED
09-20-2021
Circuit Court
St. Croix County, WI
2021CV000330
Honorable Edward Vlack
Branch 2

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **ST. CROIX COUNTY**
                               **TENTH JUDICIAL DISTRICT**

---

KELLY MANOR
c/o Lowe Law Group
6028 S. Ridgeline Drive
Suite 200
Ogden, UT 84405

         Plaintiff,

                                                    **SUMMONS**
                                                    Personal Injury
v.                                                      File No.

MARK HARDSAW
2186 E. 340 North Rd.
Mode, IL 62444

         Defendant.

---

TO: THE STATE OF WISCONSIN and EACH DEFENDANT NAMED ABOVE:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the Statutes. The Answer must be sent or delivered to the Court, whose address is Clerk of Court, Portage County Courthouse, City/County Building, 1101 Carmichael Road, Suite 2402, Hudson, Wisconsin 54016 and to James R. Jackson, Plaintiff's Attorney, whose address is Lowe Law Group, 6028 S. Ridgeline Drive, Suite 200, Ogden, Utah, 84405. You may have an attorney help or represent you.

If you do not provide a proper Answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may use your right to object to anything that is or may be incorrect in the Complaint.

A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated: September 20, 2021

LOWE LAW GROUP

*Electronically signed by /s/* James Jackson
By:_____
James Jackson, #1120639
6028 S. Ridgeline Drive, Suite 200
Ogden, Utah 84405
P: (801) 905-1324
james@lowelawgroup.com
ATTORNEYS FOR PLAINTIFF
KELLY MANOR

2

FILED
09-20-2021
Circuit Court
St. Croix County, WI
2021CV000330
Honorable Edward Vlack
Branch 2

STATE OF WISCONSIN        CIRCUIT COURT        ST. CROIX COUNTY

TENTH JUDICIAL DISTRICT

| | |
|---|---|
| KELLY MANOR,<br><br>        Plaintiff;<br>vs.<br><br>MARK HARDSAW; PUTNAM TRUCKING INC; DOES I-V; and ROES CORPORATIONS VI-X, inclusive,<br><br>        Defendants. | Case No.<br><br>Judge: |

## COMPLAINT AND JURY DEMAND

Plaintiff, by and through undersigned counsel, hereby complains and alleges against Defendants as follows:

### PARTIES

1. Plaintiff, Kelly Manor, is an individual residing in Putnam County, Wisconsin.

2. Upon information and belief, Defendant, Mark Hardsaw ("Mr. Hardsaw"), is an individual residing in the State of Illinois.

3. Upon information and belief, Defendant, Putnam Trucking Inc. ("Putnam Trucking"), is an Illinois company that does business in Wisconsin.

4. DOES I-V and ROES CORPORATIONS VI-X are individuals and corporations currently unknown but which may be added upon discovery.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this dispute pursuant to *Article VII § 8* of the State of Wisconsin Constitution, which provides for subject matter jurisdiction over

all civil matters within this state.

6. This court has jurisdiction over Defendant pursuant to WIS. STAT. § 801.05(3).

7. Venue is proper pursuant to WIS. STAT. § 801.50(2)(a) in that this action arose in St. Croix County.

8. Pursuant to Rule 801.04 of the Wisconsin Rules of Civil Procedure, Plaintiff certifies that the prayer for relief in this matter exceeds the amount under WIS. STAT. § 799.01(d)

### GENERAL ALLEGATIONS

9. On or about April 30, 2020, Plaintiff was travelling on Interstate 39 near Milton, Wisconsin.

10. At or about the same time, Defendant, Mr. Hardsaw, was travelling directly behind Plaintiff.

11. Mr. Hardsaw was operating a vehicle owned by Putnam Trucking.

12. Upon information, Mr. Hardsaw was an employee of Putnam Trucking.

13. Upon information and belief, Mr. Hardsaw was operating in the course and scope of his employment.

14. Upon information and belief, Putnam Trucking failed to properly train, advise, and supervise its employees.

15. Upon information and belief, Putnam Trucking failed to implement safe driver training, practices, and procedures.

16. Upon information and belief, Putnam Trucking gave Mr. Hardsaw permission to drive the subject vehicle.

17. Plaintiff slowed her vehicle due to a lane closure.

18. Without any advanced notice or warning ,Mr. Hardsaw crashed into the back of Plaintiff's vehicle.

19. As a result of the collision, Plaintiff suffered serious injuries.

20. As a result of the collision, Plaintiff suffered physical and emotional damages.

## FIRST CAUSE OF ACTION
*(Negligence – Specific to Defendant Hardsaw)*

21. Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

22. Defendant's actions constituted a breach of multiple duties of care including, but not limited to, her duty to exercise reasonable care and to avoid putting others in danger.

23. Defendant breached this duty by failing to keep a proper lookout and crashing into Plaintiff.

24. Defendant is liable for these acts of negligence and for such other acts of negligence as may become apparent during the course of discovery in this case.

25. As a direct and proximate cause of Defendant's negligence, Plaintiff suffered personal injuries.

26. As a direct and proximate cause of Defendant's negligence, Plaintiff suffered physical and emotional pain.

27. Plaintiff's injuries have caused a substantial decrease in the quality of herr daily life.

28. Plaintiff has incurred, and will incur, economic and non-economic damages of a nature and amount presently unknown but will be proven at trial.

## SECOND CAUSE OF ACTION
*(Respondeat Superior/Vicarious Liability – Specific to Defendant Putnam Trucking)*

29. Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as

though fully set forth herein.

30. At all relevant times herein, Defendant Hardsaw was employed by Putnam Trucking.

31. At all relevant times herein, Defendant Hardsaw was acting within the course and scope of his employment.

32. At the time of the subject accident, Defendant Hardsaw was driving Putnam Trucking's vehicle.

33. Upon information and belief, Putnam Trucking gave Mr. Hardsaw permission to drive the subject vehicle.

34. Putnam Trucking is vicariously liable for all damage suffered by Plaintiff as owner and employer of the subject vehicle and Mr. Hardsaw.

### THIRD CAUSE OF ACTION
*(Negligence – Specific as to Putnam Trucking)*

35. Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

36. Putnam Trucking had a duty to provide its employees with the proper training, equipment, and tools necessary to complete all duties in a manner which prevented foreseeable risks of injury to other persons.

37. Putnam Trucking endorsed, ratified, or permitted to continue, unsafe work practices of its employees, which created a foreseeable risk of injury to foreseeable plaintiffs.

38. Putnam Trucking's work practices violated applicable rules and regulations, industry standards, and breached the standard of reasonable care.

39. As a result of these violations and breach of duty, Plaintiff suffered injuries and damages as stated herein.

## FOURTH CAUSE OF ACTION
*(Negligent Hiring/Supervision/Training – Putnam Trucking)*

40. Plaintiff hereby incorporates and re-alleges all previous paragraphs of this Petition as though fully set forth herein.

41. Putnam Trucking had a duty to use reasonable care in the selection, hiring, retention, training, and supervision of its employees, including but not limited to Defendant Hardsaw.

42. Putnam Trucking breached this duty by failing to use reasonable care in the selection, hiring, retention, training, and supervision of its employee, including but not limited to Defendant Hardsaw.

43. As a direct and proximate cause of Putnam Trucking's breach, Plaintiff has incurred and will incur economic and non-economic damages of a nature and amount presently unknown but will be proven at trial.

## DEMAND FOR JURY TRIAL

44. Plaintiff hereby demands a trial by jury in a mode to which Plaintiff is entitled in accordance with *Article 1 § 5* of the State of Wisconsin Constitution and Rule 805.01(2) of the Wisconsin Rules of Civil Procedure.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendants as follows:

1. For recovery of reasonable damages in an amount greater than $50,000.00.
2. For general damages for pain and suffering in an amount to be proven at trial.
3. For past and future medical expenses in an amount to be proven at trial.
4. For mileage costs for attending doctors' appointments.
5. For lost wages and loss of future earning potential.

6. For attorney's fees and costs of suit herein.

7. For punitive damages as permitted by law.

8. For pre and post judgment interest.

9. For such other relief as may be deemed fair and equitable under the circumstances.

SIGNED and DATED this 20th day of September, 2021.

**LOWE LAW GROUP**

*Electronically signed by* /s/ James R. Jackson (#0400525)
James R. Jackson, ESQ.
*Attorney for Plaintiff*