**U.S. DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| KELLY MANOR, | **PLAINTIFF'S PROPOSED ADDITIONAL JURY INSTRUCTIONS** |
|       Plaintiff; | |
| vs. | |
|   MARK HARDSAW, et al. | Case No. 21-CV-734-JDP |
|       Defendants; | |

Plaintiff, by and through counsel, submits the following list of proposed additional jury instructions, the full text of which is attached hereto:

WIS JI-1001 NEGLIGENCE: FAULT: ULTIMATE FACT VERDICT

WIS JI-1005 NEGLIGENCE: DEFINED

WIS JI-1006 GROSS NEGLIGENCE: DEFINED

WIS JI-1500 CAUSE

WIS JI-1700 DAMAGES: GENERAL

WIS JI-1715 AGGRAVATION OF PRE–EXISTING INJURY

WIS JI-1720 AGGRAVATION OR ACTIVATION OF LATENT DISEASE OR CONDITION

WIS JI-1730 DAMAGES: DUTY TO MITIGATE: PHYSICAL INJURIES

WIS JI-1731 DAMAGES: DUTY TO MITIGATE: NEGLIGENCE OR BREACH OF CONTRACT

WIS JI-1735 DAMAGES: NOT TAXABLE AS INCOME

WIS JI-1756 PERSONAL INJURIES: PAST HEALTH CARE EXPENSES

WIS JI-1758 PERSONAL INJURIES: FUTURE HEALTH CARE EXPENSES

Plaintiff's Proposed Additional Jury Instructions
Selected from Wisconsin Civil Jury Instructions

WIS JI-1766 PERSONAL INJURIES: PAST PAIN, SUFFERING, AND DISABILITY (DISFIGUREMENT)

WIS JI-1767 PERSONAL INJURIES: FUTURE PAIN, SUFFERING, AND DISABILITY (DISFIGUREMENT)

WIS JI-1770 PERSONAL INJURIES: SEVERE EMOTIONAL DISTRESS

WIS JI-1795 PERSONAL INJURY: LIFE EXPECTANCY AND MORTALITY TABLES

WIS JI-1796 DAMAGES: PRESENT VALUE OF FUTURE LOSSES

WIS JI-1797 DAMAGES: EFFECTS OF INFLATION

WIS JI-4055 SERVANT: VICARIOUS LIABILITY OF EMPLOYER

SIGNED and DATED this 17th day of February 2023.

 /s/ James Jackson
James Jackson
**LOWE LAW GROUP**
6028 S. Ridgeline Dr. Suite 200
Ogden, UT 84405
Telephone: (801) 917-8500
Facsimile: (801) 917-8484
j.jackson@lowelawgroup.com
*Attorney for Plaintiff Kelly Manor*

**WIS JI 1001 NEGLIGENCE: FAULT: ULTIMATE FACT VERDICT**

[Question 1] of the verdict <u>inquires whether Mark Hardsaw was at fault for the collision</u>. "Fault," as used here, involves two elements - negligence and cause. To establish legal fault, the conduct under consideration must be negligent, and it must be a cause of the injury and damages.

(Wis. Ji-Civil 1005 Negligence).

In addition to this general definition of negligence, there are rules of law, as well as statutes enacted by the legislature, for the safe operation of motor vehicles, violation of which establishes negligence.

(Here add appropriate instructions on specific kinds of negligence.)

In considering "cause" as an element of fault, you will consider it from the standpoint of relationship of cause and effect between the negligence of either or both parties, if found by you, and the collision and the resulting injuries and damages.

[Give Wis. Ji-Civil 1500 Cause]

Before you can find either party at fault, you must be satisfied first, that the party was negligent, as that term has been defined for you, and, second, that such negligence was a substantial factor in producing the collision and the natural results thereof. if you can be so satisfied that either or both parties were at fault, then you will so find - otherwise not.

After determining whether these parties were or were not at fault, under the instructions I have given you, you will consider and determine what percentage of the fault of each, if found, contributed to the collision and the natural results thereof. Total fault is based on 100%. If you find only one party at fault, then of course, that person's contribution to the collision and the results would be 100%. If you find both parties at fault, then you will consider the fault of each party, weigh its contribution in producing the collision and the results, and fix it in such

percentage of the total fault which is proved to be attributable to the person named in the question.

[Questions 1 and 2] are to be answered in terms of percentages if the party inquired about is found to be at fault, as that term has been defined to you.

The burden of proof on either question is upon the party who claims another is at fault.

[Wis JI-Civil 200 Burden of Proof]

**WIS JI-1005 NEGLIGENCE: DEFINED**

A person is negligent when he fails to exercise ordinary care. Ordinary care is the care which a reasonable person would use in similar circumstances. A person is not using ordinary care and is negligent, if the person, without intending to do harm, does something (or fails to do something) that a reasonable person would recognize as creating an unreasonable risk of injury or damage to a person or property.

**WIS JI-1006 GROSS NEGLIGENCE: DEFINED**

Gross negligence is conduct involved in the operation of an automobile which shows either a willful intent to injure or reckless and wanton disregard of the rights, safety, or property of another person.

You may consider the defendant's conduct in any of its aspects, such as the speed at which Mark Hardsaw was driving, to determine whether it was wanton or reckless conduct (whether it showed willful intent to injure).

**WIS JI-1500 CAUSE**

In answering question(s), you must decide whether someone's negligence caused the injury. This question does not ask about " *the* cause" but rather " *a* cause" because an (accident) (injury) may have more than one cause. Someone's negligence caused the (accident) (injury) if it was a substantial factor in producing the (accident) (injury). An (accident) (injury) may be caused by one person's negligence or by the combined negligence of two or more people.

**WIS JI-1700 DAMAGES: GENERAL**

The verdict contains the following damage questions, numbered _ through _.

[Read question(s).]

[Determining damages for (pain and suffering) (insert other type of damages) cannot always be made exactly or with mathematical precision; you should award as damages amounts which will fairly compensate Kelly Manor for her injuries.]

[The amount you insert in answer to each damage question is for you to determine from the evidence. What the attorneys ask for in their arguments is not a measure of damages. The opinion or conclusions of counsel as to what damages should be awarded should not influence you unless it is sustained by the evidence. Examine the evidence – carefully and dispassionately – and determine your answers from the evidence in the case.]

**WIS JI-1715 AGGRAVATION OF PRE–EXISTING INJURY**

If the injuries of the plaintiff received in the accident on ( <u>date</u>) aggravated any physical condition resulting from the earlier injury, you should allow fair and reasonable compensation for such aggravation but only to the extent that you find the aggravation to be a natural result of the injuries received in the accident.

**WIS JI-1720 AGGRAVATION OR ACTIVATION OF LATENT DISEASE OR CONDITION**

In answering subdivision ____ of question ____, you cannot award any damages for any (pre–existing disease, condition, or ailment) (predisposition to disease) except insofar as you are satisfied that the (disease, condition, or ailment) (predisposition to disease) has been (aggravated) (activated) by the injuries received in the accident on ( date). If you find that the plaintiff had a (pre–existing disease or condition which was dormant) (predisposition to disease) before the accident but that such (disease or condition) (predisposition to disease) was (aggravated) (brought into activity) because of the injuries received in the accident, then you should include an amount which will fairly and reasonably compensate Kelly Manor for such damages Kelly Manor suffered as a result of such (aggravation) (activation) of the condition.

Any ailment or disability that the plaintiff may have had, or has, or may later have, which is not the natural result of the injuries received in this accident, is not to be considered by you in assessing damages. You cannot award damages for any condition which has resulted, or will result, from the natural progress of the pre–existing disease or ailment or from consequences which are attributable to causes other than the accident.

If the plaintiff was more susceptible to serious results from the injuries received in this accident by reason of a (pre–existing disease or condition) (predisposition to disease) and that the resulting damages have been increased because of this condition, this should not prevent you from awarding damages to the extent of any increase and to the extent such damages were actually sustained as a natural result of the accident.

Plaintiff's Proposed Additional Jury Instructions
Selected from Wisconsin Civil Jury Instructions

**WIS JI-1730 DAMAGES: DUTY TO MITIGATE: PHYSICAL INJURIES**

A person who has been injured must use ordinary care to mitigate or lessen her damages. This duty to mitigate damages requires an injured person to use ordinary care to seek medical (and surgical) treatment and to submit to and undergo recommended medical (or surgical) treatment within a reasonable time to avoid or minimize any damage from physical injuries. "Ordinary care" is the degree of care usually exercised by a person of ordinary intelligence and prudence under the same or similar circumstances.

An injured person is only required to submit to those medical (or surgical) treatments to which a reasonable person would have submitted. [A person is not required to undergo treatment if it will not improve her condition.] [Also, a person is not required to undergo treatment if treatment is unreasonably dangerous or is not reasonably within his or her means.]

In determining damages, you should keep in mind this duty of Kelly Manor to use ordinary care to mitigate damages. If you find that Kelly Manor did not do so, you should not include in your answer to this damage question any amount for consequences of the injury which reasonably could have been avoided.

The burden of proof on this issue is on Defendants Hardsaw and Putnam Trucking Inc. to satisfy you to a reasonable certainty, by the greater weight of credible evidence, that Kelly Manor did not use ordinary care in mitigating damages.

Plaintiff's Proposed Additional Jury Instructions
Selected from Wisconsin Civil Jury Instructions

**WIS JI-1731 DAMAGES: DUTY TO MITIGATE: NEGLIGENCE OR BREACH OF CONTRACT**

A person who has been damaged may not recover for losses that she knows or should have known could have been reduced by reasonable efforts. It is not reasonable to expect a person to reduce her damages if it appears that the attempt may cause other serious harm. A person need not take an unreasonable risk, subject herself to unreasonable inconvenience, incur unreasonable expense, disorganize her business, or put herself in a position involving loss of honor and respect.

If you find that a reasonable person would have taken steps to reduce damages and if you find that Kelly Manor did not take such steps, then you should not include as damages any amount which Kelly Manor could have avoided. If a reasonable person would not have taken steps to reduce loss under the circumstances in this case, then Kelly Manor's failure to act may not be considered by you in determining Kelly Manor's damages.

The burden of proof is on Defendants Hardsaw and Putnam Trucking Inc. to satisfy you to a reasonable certainty, by the greater weight of the credible evidence, that Kelly Manor should have taken steps to reduce her loss and (failed to do so) (did not).

Plaintiff's Proposed Additional Jury Instructions
Selected from Wisconsin Civil Jury Instructions

**WIS JI-1735 DAMAGES: NOT TAXABLE AS INCOME**

In determining the amount of damages for personal injuries, you must not include in the award, or add to it, any sum to compensate the plaintiff for state or federal income taxes, since damages received as an award for personal injuries are not subject to income taxes. You will not, of course, subtract from, or exclude from, your award of damages any amount because the plaintiff is not required to pay income taxes.

**WIS JI-1756 PERSONAL INJURIES: PAST HEALTH CARE EXPENSES**

Question 3(a) asks what sum of money will fairly and reasonably compensate Kelly Manor for past health care services.

You will insert as your answer to this 3(a) the sum of money you find has reasonably and necessarily been incurred from the date of the accident up to this time for the care of the injuries sustained by Kelly Manor as a result of the accident.

Billing statements (which may include invoices) for health care services Kelly Manor has received since the accident have been admitted into evidence.

**WIS JI-1758 PERSONAL INJURIES: FUTURE HEALTH CARE EXPENSES**

Question 3(b) asks what sum of money will fairly and reasonably compensate Kelly Manor for future health care services.

If you are satisfied that Kelly Manor will require health care services in the future for injuries sustained as a result of the accident you will insert as your answer to this question 3(b) the sum of money you find will reasonably and necessarily be incurred in the future to care for Kelly Manor.

**WIS JI-1766 PERSONAL INJURIES: PAST PAIN, SUFFERING, AND DISABILITY (DISFIGUREMENT)**

Question 3(c) asks what sum of money will fairly and reasonably compensate Kelly Manor for past pain, suffering, and disability (disfigurement).

Your answer to this 3(c) should be the amount of money that will fairly and reasonably compensate Kelly Manor for the pain, suffering, and disability (disfigurement) she has suffered from the date of the accident up to this time as a result of the accident.

Pain, suffering, and disability (disfigurement) includes any physical pain, humiliation, embarrassment, worry and distress which Kelly Manor has suffered in the past. You should consider to what extent her injuries impaired her ability to enjoy the normal activities, pleasures, and benefits of life.

**WIS JI-1767 PERSONAL INJURIES: FUTURE PAIN, SUFFERING, AND DISABILITY (DISFIGUREMENT)**

Question 3(d) asks what sum of money will fairly and reasonably compensate Kelly Manor for future pain, suffering, (and) disability, (and disfigurement).

If you are satisfied that Kelly Manor will endure pain, suffering, (and) disability, (and disfigurement) in the future as a result of the accident, you will insert as your answer to this (question) (subdivision) the sum of money you find will fairly and reasonably compensate Kelly Manor for this future pain, suffering, (and) disability, (and disfigurement).

Pain, suffering, (and) disability, (and disfigurement) includes:

• physical pain

• worry

• distress

• embarrassment

• humiliation

In answering this damage question, you should consider the following factors:

• the extent Kelly Manor's injuries have impaired and will impair her ability to enjoy the normal activities, pleasures, and benefits of life;

• the nature of Kelly Manor's injuries;

• the effect the injuries are reasonably certain to produce in the future bearing in mind Kelly Manor's age, prior mental and physical condition, and the probable duration of her life.

**WIS JI-1770 PERSONAL INJURIES: SEVERE EMOTIONAL DISTRESS**

Kelly Manor claims that she suffered severe emotional distress in addition to the physical injuries she sustained as a result of the <u>collision</u> in question.

If you are satisfied that Kelly Manor suffered severe emotional distress and that the <u>collision</u> was a substantial factor in producing it, you should include in your award a fair and reasonable allowance for the severe emotional distress. If you are not satisfied, make no allowance for the severe emotional distress and confine your award to fair and reasonable compensation only for any other damages (resulting from personal injuries) to Kelly Manor which <u>was</u> caused by the <u>collision</u>.

Plaintiff's Proposed Additional Jury Instructions
Selected from Wisconsin Civil Jury Instructions

**WIS JI-1795 PERSONAL INJURY: LIFE EXPECTANCY AND MORTALITY TABLES**

In determining future damages as a result of Kelly Manor's injuries, you may consider the fact that at this time Kelly Manor is <u>54 </u>years of age and has a life expectancy of <u>85</u> years.

A mortality table which gives the expectancy of life of a person of Kelly Manor's age was received in evidence as an aid in determining such expectancy. It is not, however, conclusive or binding upon you as to Kelly Manor's actual or probable expectancy of life. Mortality tables are based upon averages, and there is no certainty that any person will live the average duration of life rather than a longer or shorter period. To determine the probable length of life of Kelly Manor, you will consider all of the facts and circumstances established by the credible evidence bearing upon that subject.

**WIS JI-1796 DAMAGES: PRESENT VALUE OF FUTURE LOSSES**

In determining the amount of damages for any loss which will be incurred by Kelly Manor in the future, you must determine the present worth in dollars of the future damages.

A lump sum of money received today may be worth more than the same sum paid in installments over a period of months or years. This is because a sum received today can be invested and earn money at current interest rates. By making a reduction for the earning power of money, your answer will reflect the present value in dollars of an award of future damages.

This instruction which asks you to reduce future damages to present value does not apply to that portion of future damages which represents future pain and suffering.

Plaintiff's Proposed Additional Jury Instructions
Selected from Wisconsin Civil Jury Instructions

**WIS JI 1797 DAMAGES: EFFECTS OF INFLATION**

In computing the amount of future economic damages, you may take into account economic conditions, present and future, and the effects of inflation.

**WIS JI-4055 SERVANT: VICARIOUS LIABILITY OF EMPLOYER**

In this case, Putnam Trucking, Inc. is liable for the negligence of its employee(s). If, after considering all of the evidence, you find that Mark Hardsaw was negligent, then Putnam Trucking, Inc. was negligent.

<u>The parties agree that Putnam Trucking Inc. is vicariously liable for damages caused by its employee Mark Hardsaw. If you find that Mark Hardsaw's actions were the cause of Kelly Manor's harms, then you must also find that Putnam Trucking, Inc. is liable for the damages caused by Mark Hardsaw.</u>

Plaintiff's Proposed Additional Jury Instructions
Selected from Wisconsin Civil Jury Instructions

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of February 2023, I caused the foregoing

**PLAINTIFF'S PROPOSED ADDITIONAL JURY INSTRUCTIONS** to be served upon the

following individuals via email.

> Jay R. Starrett
> Michael K. Roberts
> Scopelitis Garvin Light Hanson & Feary, P.C.
> 330 E. Kilbourn Avenue, Suite 827
> Milwaukee, WI 53202
> jstarrett@scopelitis.com
> mroberts@scopelitis.com


SIGNED and DATED this 17th day of February 2023.

LOWE LAW GROUP

/s/ James Jackson
James Jackson
6028 S. Ridgeline Dr. Suite 200
Ogden, UT 84405
Telephone: (801) 917-8500
Facsimile: (801) 917-8484
j.jackson@lowelawgroup.com
*Attorney for Plaintiff Kelly Manor*