UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

KELLY MANOR,

        Plaintiff,

v.                                                                                          Case No. 21-cv-00734-jdp

MARK HARDSAW, PUTNAM TRUCKING
INC., DOES I-V, and ROES
CORPORATIONS VI-X, inclusive,

        Defendants.

---

## DEFENDANTS, MARK HARDSAW AND PUTNAM TRUCKING, INC.'S PROPOSED JURY INSTRUCTIONS

---

Defendants, Mark Hardsaw and Putnam Trucking, Inc., by their undersigned counsel, request that the following instructions in addition to the Court's standard jury instructions be given to the jury in this matter:

### FEDERAL CIVIL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT

| | |
|---|---|
| 1.03 | All Litigants Equal Before the Law |
| 1.08 | Consideration of All Evidence Regardless of Who Produced |
| 1.16 | Lawyer Interviewing Witness |
| 1.17 | Number of Witnesses |
| 1.18 | Absence of Evidence |
| 2.14 | Judge's Comments to Lawyer |

## **WISCONSIN CIVIL JURY INSTRUCTIONS**

| | |
|---|---|
| 202 | Burden of Proof: Ordinary: Compensatory Damages |
| 261 | Medical or Scientific Treatise in Evidence |
| 325 | Physical Facts |
| 1720 | Aggravation or Activation of Latent Disease or Condition |
| 1756 | Personal Injuries: Past Health Care Expenses |
| 1766 | Personal Injuries: Past Pain, Suffering, and Disability |

Dated: February 17, 2023.

                                          s/Michael K. Roberts
Jay R. Starrett (SBN 1011278)
Michael K. Roberts (SBN 1085197)
Attorneys for Defendants, Mark Hardsaw and Putnam Trucking, Inc.
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY P.C.
330 East Kilbourn Avenue, Suite 827
Milwaukee, WI 53202
Telephone: (414) 219-8500
Facsimile: (414) 278-0618
Email: jstarrett@scopelitis.com
          sstanaszak@scopelitis.com

## 1.03  ALL LITIGANTS EQUAL BEFORE THE LAW

In this case one/~~some~~ of the defendants/~~plaintiffs/parties~~ is a/~~are~~ corporation[~~s~~]. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person.

**Submitting party:  Defendants**

**7th Circuit Pattern Instruction 1.03 (2017 rev.)**

## 1.08 CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**Submitting party: Defendants**

**7th Circuit Pattern Instruction 1.08 (2017 rev.)**

## 1.16  LAWYER INTERVIEWING WITNESS

It is proper for a lawyer to meet with any witness in preparation for trial.

**Submitting party:  Defendants**

**7th Circuit Pattern Instruction 1.16 (2017 rev.)**

## 1.17  NUMBER OF WITNESSES

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number.  You need not accept the testimony of the larger number of witnesses.

**Submitting party:  Defendants**

**7th Circuit Pattern Instruction 1.17 (2017 rev.)**

## 1.18 ABSENCE OF EVIDENCE

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**Submitting party: Defendants**

**7th Circuit Pattern Instruction 1.18 (2017 rev.)**

## 2.14 JUDGE'S COMMENTS TO LAWYER

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

**Submitting party: Defendants**

**7th Circuit Pattern Instruction 2.14 (2017 rev.)**

**202    BURDEN OF PROOF:  ORDINARY:  COMPENSATORY DAMAGES**

In considering the amount to be inserted by you in answer to each damage question, the burden rests upon each person claiming damages to convince you by the greater weight of the credible evidence, to a reasonable certainty, that the person sustained damages with respect to the element or elements mentioned in the question and the amount of the damages.

The amount you insert should reasonably compensate the person named in the question for the damages from the accident.

**Submitting party:  Defendants**

**Wisconsin JI Civil Pattern Instruction 202 (2005)**

**261**     **MEDICAL OR SCIENTIFIC TREATISE IN EVIDENCE**

During the trial, the court received portions of a published treatise in evidence written by <u>Robert W. Teasell, M.D. and Harold Merskey, D.M. entitled, "The Quebec Task Force on Whiplash-Associated Disorders and the British Columbia Whiplash Initiative: A Study of Insurance Industry Initiatives</u>." This evidence was not received to establish that the views expressed by the authors are undisputed truths or absolute standards. The authors' views should be considered any other expert witness' opinion.

You are not bound by the opinions expressed by the authors any more than you are bound by the opinion of any other expert witness.

**Submitting party: Defendants**

**Wisconsin JI Civil Pattern Instruction 261 (1989)**

**325    PHYSICAL FACTS**

If you find a witness' testimony conflicts with physical facts established by evidence and that the testimony cannot be reconciled with the physical facts, then disregard the conflicting testimony. But, the testimony of a witness is overcome by physical facts only if such facts establish a conclusion contradicting such testimony beyond any reasonable ground for doubt.

**Submitting party: Defendants**

**Wisconsin JI Civil Pattern Instruction 325 (1989)**

## 1720 AGGRAVATION OR ACTIVATION OF LATENT DISEASE OR CONDITION

In answering <u>the damage questions</u> ~~subdivision ___ of question ___~~, you cannot award any damages for any pre-existing disease, condition, or ailment ~~(predisposition to disease)~~ except insofar as you are satisfied that the disease, condition or ailment ~~(predisposition to disease)~~ has been aggravated ~~(activated)~~ by the injuries received in the accident on <u>April 30, 2020</u>. If you find that the plaintiff had a pre-existing disease or condition which was dormant ~~(predisposition to disease)~~ before the accident but that such disease or condition ~~(predisposition to disease)~~ was aggravated ~~(brought into activity)~~ because of the injuries received in the accident, then you should include an amount which will fairly and reasonably compensate <u>Kelly Manor</u> for such damages <u>she</u> suffered as a result of such aggravation ~~(activation)~~ of the condition.

Any ailment or disability that the plaintiff may have had, or has, or may later have, which is not the natural result of the injuries received in this accident, is not to be considered by you in assessing damages. You cannot award damages for any condition which has resulted, or will result, from the natural progress of the pre-existing disease or ailment or from consequences which are attributable to causes other than the accident.

If the plaintiff was more susceptible to serious results from the injuries received in this accident by reason of a pre-existing disease or condition ~~(predisposition to disease)~~ and that the resulting damages have been increased because of this condition, this should not prevent you from awarding damages to the

extent of any increase and to the extent such damages were actually sustained as a natural result of the accident.

**Submitting party: Defendants**

**Wisconsin JI Civil Pattern Instruction 1720 (1992)**

**1756   PERSONAL INJURIES:  PAST HEALTH CARE EXPENSES**

~~(Question ____)~~ Subdivision A of question 1 asks what sum of money will fairly and reasonably compensate Kelly Manor for past health care services.

You will insert as your answer to this ~~(question)~~ subdivision the sum of money you find has reasonably and necessarily been incurred from the date of the accident up to this time for the care of the injuries sustained by Kelly Manor as a result of the accident.

Billing statements ~~(which may include invoices)~~ for health care services Kelly Manor has received since the accident have been admitted into evidence.

These billing statements establish the value, reasonableness, and necessity of health care services provided to Kelly Manor.  You must still determine whether the health care services were provided for the injuries sustained by Kelly Manor as a result of the accident.

**Submitting party:  Defendants**

**Wisconsin JI Civil Pattern Instruction 1756 (2015)**

**1766  PERSONAL INJURIES:  PAST PAIN, SUFFERING, AND DISABILITY**

(Question ——) Subdivision B of question 1 asks what sum of money will fairly and reasonably compensate Kelly Manor for past pain, suffering, and disability (disfigurement).

Your answer to this (question) subdivision should be the amount of money that will fairly and reasonably compensate Kelly Manor for the pain, suffering, and disability (disfigurement) (he) she has suffered from the date of the accident up to this time as a result of the accident.

Pain, suffering, and disability (disfigurement) includes any physical pain, humiliation, embarrassment, worry and distress which Kelly Manor has suffered in the past.  You should consider to what extent (his) her injuries impaired (his) her ability to enjoy the normal activities, pleasures, and benefits of life.

**Submitting party:  Defendants**

**Wisconsin JI Civil Pattern Instruction 1766 (2009)**

4862-8468-0273, v. 1